IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

URSULA C. HYMES FECHT,

Plaintiff,

v.

OPINION and ORDER

BROOKE LESLIE ROLLINS,
DEPARTMENT OF AGRICULTURE, and
USDA FOOD SAFETY AND INSPECTION SERVICE,

25-cv-878-jdp

Defendants.

---

Ursula C. Hymes Fecht brings this lawsuit against the United States Department of Agriculture, the secretary of that department, and the USDA Food Safety and Inspection Service. Although Hymes Fecht has paid the entire filing fee, this court retains the inherent authority to screen all complaints to ensure that they state a claim for which relief may be afforded and are not frivolous. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). I conclude that Hymes Fecht's complaint doesn't state a claim for relief, but I will give her a chance to file an amended complaint better explaining her claims.

ANALYSIS

Hymes Fecht's allegations are extremely short and discuss only the procedural history of a complaint that she brought to the United States Equal Employment Opportunity Commission against the USDA. I infer that she believes that she was discriminated against in her employment there. But she doesn't explain anything about how she was discriminated against.

As a general rule, to state a claim for employment discrimination, a "plaintiff need only identify the type of discrimination, when it occurred, and by whom." *Clark v. Law Off. of Terrence Kennedy, Jr.*, 709 F. App'x 826, 829 (7th Cir. 2017). But "the plaintiff must give enough details about the subject-matter of the case to present a story that holds together." *See Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). Conclusory and speculative allegations don't plausibly suggest discrimination based on a protected class. *See Miao v. United Airlines, Inc.*, 164 F.4th 622, 625–26 (7th Cir. 2026). Stating a plausible claim for relief "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Hymes Fecht's allegations aren't enough to state any claim for relief. But because she appears without counsel, I will not dismiss the case outright. *See Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016) ("when a plaintiff—especially [an unrepresented] plaintiff—fails to state a claim in his first complaint, he should ordinarily be given a chance to amend."). Instead, I will give her a chance to file an amended complaint better explaining her claims. In drafting her amended complaint, Hymes Fecht should be sure to take care to allege what her employer's employees did or failed to do to violate her rights, and why she believes that their actions were discriminatory.

If Hymes Fecht fails to submit an amended complaint by the deadline set below, I will dismiss the entire case. *See Paul v. Marberry*, 658 F.3d 702, 705 (7th Cir. 2011).

ORDER

IT IS ORDERED that:

1.  Plaintiff's complaint, Dkt. 1, is DISMISSED.

2.  Plaintiff may have until April 20, 2026, to submit an amended complaint.

Entered March 30, 2026.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge